IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AUSTIN EMORY VANDERPOOL,

    Petitioner,

v.

CHRISTINE POPOFF, Superintendent,
Oregon State Correctional Institution[1],

    Respondent.

Civil No. 2:15-cv-01199-PK

FINDINGS AND RECOMMENDATION

---

[1]At the time he filed his Petition for Writ of Habeas Corpus, Petitioner was incarcerated at the Snake River Correctional Institution ("SRCI") and he identified Superintendent Mark Nooth as the Respondent. In his Brief in Support of his Petition, Petitioner notes he was subsequently transferred to the Oregon State Correctional Institution, and he identifies the Respondent as Superintendent Christine Popoff. Although Petitioner did not file a motion to substitute Superintendent Popoff, the Court notes that federal rules allow for the substitution of parties in order to ensure that the proper custodian is before the court. Fed. R. App. P. 23(a); Rule 2(a), Rules Governing § 2254 Habeas Cases, 28 U.S.C. foll. § 2254. As such the Clerk of the Court is DIRECTED to substitute Christine Popoff, Superintendent, Oregon State Correctional Institution, as Respondent herein.

1 - FINDINGS AND RECOMMENDATION -

RICH FEDERICO
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR 97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICK M. KALLSTROM
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Respondent

PAPAK, Magistrate Judge.

Petitioner, an inmate currently housed at the Oregon State Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (ECF No. 2) should be DENIED.

## BACKGROUND

On April 18, 2011, a judgment of conviction was entered against Petitioner in Marion County Circuit Court upon entry of a plea of no contest to two counts of Attempted Aggravated Murder. Resp. Exh. 101. The trial judge imposed two consecutive 120-month terms of imprisonment. *Id.* Petitioner did not pursue a direct appeal.

On September 7, 2012, Petitioner signed a petition for state post-conviction relief ("PCR"), which was filed in Malheur County Circuit Court. Resp. Exh. 103. On December 20, 2013, the PCR trial judge entered a General Judgment denying the PCR Petition. Resp. Exh. 105. Petitioner

appealed, but the Oregon Court of Appeals summarily affirmed, and Oregon Supreme Court denied review. Resp. Exhs. 109, 110. The appellate judgment issued on February 5, 2015. Resp. Exh. 109.

On June 13, 2015, Petitioner signed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which was filed in this Court on June 29, 2015. (ECF No. 1) Respondent contends the Petition was not timely filed pursuant to 28 U.S.C. § 2244(d). Petitioner concedes he did not file his Petition within the limitations period, but contends his late filing is equitably excused as a result of extraordinary circumstances which prevented him from filing in a timely manner.

## **LEGAL STANDARDS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one year statute of limitations to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under the statute, the one year period begins to run from the date the judgment becomes final at the conclusion of direct review "or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

A direct appeal becomes final upon the later of: (1) the expiration of the time for seeking review in the relevant state supreme court; or (2) if a petitioner seeks review in the Supreme court, the conviction is affirmed or the petition for certiorari is denied. *Gonzalez v. Thaler*, 565 U.S. 134, 132 S. Ct 641, 654–55 (2012); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073–74 (9th Cir. 2007). The limitations period is tolled during the pendency of a properly filed state post-conviction proceeding or other collateral review. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

The United States Supreme Court has determined that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). A petitioner is only entitled to equitable tolling if he can establish two elements: "(1) that he has been

3 - FINDINGS AND RECOMMENDATION -

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted); *Holland*, 130 S. Ct. at 2563. A petitioner also must show that the extraordinary circumstances were the cause of his untimeliness and made it impossible to timely file his petition. *Ramirez*, 571 F.3d at 997; *Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).

## **DISCUSSION**

As noted, Petitioner concedes his Petition was not timely filed, but contends that the limitation period should be equitably tolled. Petitioner argues the "extraordinary circumstance" that stood in his way of timely filing his federal habeas petition was his inability to obtain the funds necessary to pay the $240.00 filing fee for his state PCR petition. According to Petitioner, he did not have sufficient funds to pay the state PCR filing fee until around August 2012, after a family friend provided him money.

The § 2244(d) limitation period expired on May 18, 2012, one year after Petitioner's judgment of conviction became final on May 18, 2011. A review of Petitioner's Trust Account Statement with the Oregon Department of Corrections reveals that Petitioner had adequate funds to file a PCR petition well before May 18, 2012. On November 4, 2011, Petitioner received a tax refund of $937.85, and on January 4, 2012, Petitioner received another tax refund of $466.75. Resp. Exh. 111, pp. 2-3. Petitioner provides no explanation why the money he received in tax refunds was unavailable to pay his state PCR filing fee.

Even if Petitioner had not had sufficient funds to pay the PCR filing fee, he could have moved "to proceed as financially eligible person." Or. Rev. Stat. § 138.590(1). Under Or. Rev. Stat.

§ 138.590(2), Petitioner could have filed his PCR petition, along with "an affidavit stating inability to pay the expenses of a [PCR] proceeding . . . including, but limited to, the filing fee required[.]" In such case, if the PCR court "is satisfied that the petitioner is unable to pay such expenses or to employ suitable counsel, it shall order that the petitioner proceed as a financially eligible person." Or. Rev. Stat. § 138.590(2).

Instructions on how "to proceed as a financially eligible person" under Or. Rev. Stat. § 138.590(2), including the appropriate forms to apply for such status, were available in the legal library at SRCI. Resp. Exh. 112, *Aff. of Maricela Rojas*, ¶ 2. Petitioner acknowledges he visited the SRCI legal library on seven occasions prior to the expiration of the § 2244(d) limitation period on May 18, 2012. Petitioner does not explain why he did not avail himself of the opportunity to proceed as a financially eligible person, but in any event "a *pro se* petitioner''s lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner did not have to pay the filing fee to initiate his PCR case. Moreover, he on two separate occasions had the resources to pay the PCR filing fee, but did not do so. As such, the PCR filing fee was not an "extraordinary circumstance" that made it impossible for Petitioner to timely file his federal habeas petition in this Court, and regardless of how much diligence in pursuing his federal habeas case that Petitioner can demonstrate, he has not established that he entitled to equitable tolling of thie limitation period. Accordingly, the Petition for Writ of Habeas Corpus should be denied.

5 - FINDINGS AND RECOMMENDATION -

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus (ECF No. 2) should be DENIED and a judgment of DISMISSAL should be entered.

A certificate of appealability should be DENIED, as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due February 28, 2017. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 14th day of February, 2017.

/s/ Paul Papak
Paul Papak
United States Magistrate Judge